UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NOS. 9:20-CV-81291-ROSENBERG; 9:14-CR-80219-ROSENBERG

TYRONE KEVIN SMITH,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER DENYING MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255

**THIS CAUSE** comes before the Court on Movant Tyrone Kevin Smith's Motion to Vacate Sentence under 28 U.S.C. § 2255. DE 9. The Court has carefully considered the Motion to Vacate Sentence, the Government's Response in opposition thereto [DE 13], the Movant's Reply [DE 16], and the record and is otherwise fully advised in the premises. For the reasons given herein, the Motion to Vacate Sentence is denied.

Movant pled guilty in January 2015 to conspiracy to commit armed bank robbery (Count 3), attempted armed bank robbery (Count 4), and conspiracy to carry and use a firearm during and in relation to a crime of violence (Count 5). Case No. 9:14-CR-80219, DE 51. He received a total sentence of imprisonment of 180 months, comprised of concurrent sentences of 60 months for Count 3 and 180 months for each of Counts 4 and 5. Case No. 9:14-CR-80219, DE 92. He did not directly appeal his judgment of conviction.

Under 18 U.S.C. § 924(o), the statutory provision underlying Movant's conviction of Count 5, a person who conspires to commit an offense under 18 U.S.C. § 924(c) shall be imprisoned for up to 20 years. 18 U.S.C. § 924(o). It is an offense under § 924(c) to use or carry

a firearm during and in relation to a "crime of violence." *Id.* § 924(c)(1)(A). The statute defines the phrase "crime of violence" as any felony offense that (1) "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," or (2) "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id.* § 924(c)(3). The Supreme Court held in *United States v. Davis* that the second clause of this definition, referred to as the "residual clause," is unconstitutionally vague. 139 S. Ct. 2319, 2336 (2019); *see also In re Hammoud*, 931 F.3d 1032, 1037-39 (11th Cir. 2019) (concluding that *Davis* announced a new substantive rule of constitutional law that is retroactive to cases on collateral review).

In light of *Davis*'s holding, Movant argues that his conviction of Count 5 cannot stand because he did not conspire to use or carry a firearm during or in relation to a crime of violence. He maintains that neither conspiracy to commit armed bank robbery (Count 3) nor attempted armed bank robbery (Count 4) qualifies as a crime of violence under the first clause of the definition of that phrase in § 924(c)(3), referred to as the "elements clause."

The Government does not dispute that conspiracy to commit armed bank robbery is not a crime of violence under the elements clause. *See* DE 13 at 1 n.2 ("The Government is not proceeding herein with a claim that conspiracy to commit bank robbery is a crime of violence under the elements clause of [§] 924(c)(3)(A)."). But the Government contends that attempted armed bank robbery is a crime of violence under the elements clause and that Movant's conviction of Count 5 therefore remains valid following *Davis*.[1]

Armed bank robbery is a crime of violence under the elements clause. *Stamps v. United States*, 812 F. App'x 871, 873 (11th Cir. 2020) (citing Circuit caselaw), *cert. denied*, 141 S. Ct.

---

[1] The Government also argues that Movant's challenge to his conviction of Count 5 is procedurally defaulted. The Court does not address this issue because it concludes that the Motion to Vacate Sentence is without merit.

2

829 (2020). And the Eleventh Circuit Court of Appeals has held in binding precedent that an attempt to commit a crime that qualifies as a crime of violence under the elements clause is itself a crime of violence under the elements clause. *United States v. St. Hubert*, 909 F.3d 335, 351-53 (11th Cir. 2018) (holding that attempted Hobbs Act robbery is a crime of violence just as Hobbs Act robbery is a crime of violence), *abrogated on other grounds by Davis*, 139 S. Ct. 2319; *see also United States v. Harvey*, 791 F. App'x 171, 171 (11th Cir. 2020) (citing *St. Hubert* for its holding that, "when a substantive federal offense qualifies as a crime of violence under the elements clause of § 924(c), an attempt to commit that offense is itself a crime of violence"), *cert. denied*, No. 19-8004, 2021 WL 2519083 (June 21, 2021). Thus, attempted armed bank robbery is a crime of violence under the elements clause. *Harvey*, 791 F. App'x at 171 ("Harvey argues that attempted bank robbery is not a crime of violence under § 924(c)(3)'s elements clause. We disagree and affirm.").

Movant argues that *St. Hubert* was wrongly decided and cites to courts in other circuits that have determined that an attempt to commit a crime of violence is not necessarily itself a crime of violence. *See* DE 9; DE 16. But this Court, sitting in the Eleventh Circuit, is bound to follow *St. Hubert*. *See Walker v. United States*, 796 F. App'x 702, 703 (11th Cir. 2020) (explaining that "*St. Hubert* remains binding precedent in this circuit unless it is overruled by the Supreme Court or this Court sitting en banc"), *cert. denied*, 141 S. Ct. 420 (2020); *Harvey*, 791 F. App'x at 171 n.1 (stating that *St. Hubert* is binding and rejecting an argument that the opinion should be overturned as wrongly decided).

Under circuit precedent, Movant's conviction of attempted armed bank robbery is a conviction of a crime of violence. Consequently, his conviction of conspiracy to carry and use a firearm during and in relation to a crime of violence is valid.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that:

1. Tyrone Kevin Smith's Motion to Vacate Sentence under 28 U.S.C. § 2255 [Case No. 9:20-CV-81291, DE 9] is **DENIED**.

2. A Certificate of Appealability **SHALL NOT ISSUE**.

3. This case **SHALL BE CLOSED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 12th day of July, 2021.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to: Counsel of Record